## MITCHELL v. KEANE.

(Supreme Court, General Term, First Department. May 17, 1895.)

NEGLIGENCE—EVIDENCE.

Plaintiff in an action for personal injuries went to defendant's building to deliver telegrams to persons residing therein. He entered the elevator, and showed the telegrams to the elevator man, who looked at them, handed them back, and then started the elevator up. The elevator stopped at the third floor, and plaintiff approached the doorway, standing with his foot out, waiting for the door to be opened. The elevator man then started the elevator again without notice to plaintiff, and his foot was caught on the top of the door of the elevator shaft. *Held*, that a verdict in favor of plaintiff was sustained by the evidence.

Appeal from circuit court, New York county.

Action by Joseph Mitchell against Sara J. Keane for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PARKER, JJ.

De Lagnel Berier, for appellant.
G. A. Moses, for respondent.

VAN BRUNT, P. J. The evidence upon the part of the plaintiff shows that he was a messenger boy working for the American District Telegraph Company; that the premises in question were known as the "Windemere Flats," or the "Windemere Hotel," situated on the southwest corner of Fifty-Seventh street and Ninth avenue; that the plaintiff, on the 6th of June, had two telegrams to deliver to persons who were resident in said flats. There was an elevator in the building, and upon entering the building the plaintiff went to, and stepped into, the elevator. The man in charge of the elevator was there. The boy handed him the telegrams, and he took them, and then handed them back. When he had handed the telegrams back, he pulled the rope, and let the elevator go up, and it stopped at the third floor. The boy approached the doorway of the elevator, and stood with his left foot out, waiting for the door to be opened. The elevator-man then pulled the rope again, giving no notice to the boy. The elevator went up, and the boy's foot was caught between the floor of the elevator and the top of the door of the elevator shaft, and injured. Upon these facts the jury found a verdict in favor of the plaintiff, and from the judgment thereupon entered, and from the order denying motion for new trial, this appeal is taken.

It is claimed, the complaint should have been dismissed because no negligence had been proven against the defendant. It is urged that the stoppage of the elevator by the elevator man without saying anything, or having said a word to intimate that it was the floor at which the plaintiff was to alight, and without opening the door of the elevator shaft, should not and could not have been considered by the plaintiff as an intimation that he had arrived at the floor at which he was to get out of the elevator. We think, however, this is error. There were no other persons in the elevator. The elevator man knew the persons whom the plaintiff desired to see for the purpose of delivering the despatches, and when he stopped the elevator the plaintiff had a right to assume that he had arrived at the floor upon which he was to alight. It was not negligence upon his part to place himself in a position to leave the elevator as soon as the door of the shaft should be opened. After such stoppage it was the duty, before starting the car again, of the elevator man, to see that there was no danger in starting the car, or to give the plaintiff some notice that he had not arrived at his destination. This he utterly failed to do. He started the car,

the car itself having no door to protect the parties who were riding in it, and the plaintiff's foot was caught and crushed.    We think the jury had a right, from these facts, to infer negligence upon the part of the person in charge of the elevator, and a want of negligence upon the part of the plaintiff.    The judgment and order appealed from should be affirmed, with costs.    All concur.